IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-09-106-L |
| | ) | |
| SAWATZKY CONSTRUCTION, | ) | |
| L.L.C., and LERA SAWATZKY, | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

This action arises out of an automobile accident that occurred on February 6, 2007. At approximately 4:30 p.m., defendant Lera Sawatzky lost control of her vehicle while driving on Interstate 40, crossed the median, and hit a tractor trailer rig being driven by plaintiff. Exhibit 4 to Defendant Sawatzky Construction's Motion for Summary Judgment at 1, 4 (Doc. No. 40) [hereinafter cited as "Defendant's Motion"]. On January 26, 2009, plaintiff brought this action seeking damages against Ms. Sawatzky based on her alleged negligence. In addition, plaintiff seeks damages from defendant Sawatzky Construction, LLC based on theories of *respondeat superior* and negligent entrustment.[1] This matter is before the court on a motion for summary judgment presented on behalf of Sawatzky Construction. It argues it cannot be held liable under *respondeat superior* because Ms. Sawatzky was not its

---

[1] Plaintiff originally also accused Sawatzky Construction of failing to maintain Ms. Sawatzky's vehicle. Complaint at ¶ 12. Plaintiff has since abandoned this claim. Plaintiff's Response in Opposition to Defendant Sawatzky Construction's Motion for Summary Judgment at 10 (Doc. No. 44) [hereinafter cited as "Plaintiff's Response"].

employee. It also contends it cannot be liable under a negligent entrustment theory because plaintiff cannot demonstrate sufficient facts to give rise to liability under that theory.

Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party must "set out *specific* facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (emphasis added). *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of

2

an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The undisputed facts establish that on February 6, 2007, Ms. Sawatzky was driving a 2005 Chrysler Town & Country van that was owned by Sawatzky Construction. Although the van was owned by Sawatzky Construction and the company paid all fuel and maintenance costs, Ms. Sawatzky drove the van on a daily basis and it was considered by her and by the company to be her personal vehicle. Deposition of Lera Sawatzky at 108; Affidavit of Don Blagg at ¶ 9. At the time of the accident, Sawatzky Construction was owned by plaintiff's husband, A.J. Sawatzky, who has since died. Affidavit of Don Blagg at ¶ 5; Deposition of Lera Sawatzky at 24. While Ms. Sawatzky worked for the company at one time, she had been retired for a number of years at the time of the accident. Affidavit of Don Blagg at ¶ 3; Deposition of Lera Sawatzky at 43, 45. Plaintiff does not dispute that Ms. Sawatzky had a valid driver's license at the time of the accident, nor that no one at the company had knowledge of any problems with Ms. Sawatzky's driving. Defendant's Motion at 5; Plaintiff's Response at 4. Plaintiff also does not dispute that Ms. Sawatzky "was known to be a competent driver who was not careless or reckless" and that prior to the accident at issue here had only been involved in one other accident and had not received any traffic tickets. Defendant's Motion at 5-6; Plaintiff's Response at 4.

It is axiomatic that an employer may not be held liable under the doctrine of *respondeat superior* for an individual's torts unless that individual is its employee. Employee is defined as "[a] person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed." Black's Law Dictionary 525 (6th ed. 1990). In the face of unrebutted testimony by Ms. Sawatzky and Sawatzky Construction's general manager[2] that Ms. Sawatzky was not employed by the company at the time of the accident, plaintiff nonetheless claims a genuine issue of material fact exists as to whether Ms. Sawatzky was an owner, officer, or employee of Sawatzky Construction. Plaintiff's Response at 4. Plaintiff asserts the following facts give rise to a dispute as to Ms. Sawatzky's role with the company: the company owned the vehicle she was driving; the company paid fuel costs for the car; the company paid for maintenance; the company paid for insurance for the vehicle; and the company paid for Ms. Sawatzky's cellular telephone. Id. at 6. Even if all of these facts are true,[3] however, they do not give rise to an inference that Ms. Sawatzky was employed by the company, particularly given the unrefuted testimony of both Ms. Sawatzky and Mr.

---

[2]Mr. Blagg was the company's general manager at the time of the accident. Affidavit of Don Blagg at ¶ 8.

[3]Defendant disputes that the company performed all the maintenance on Ms. Sawatzky's car and that it paid the insurance premiums for the vehicle. The court need not resolve this dispute because it is not material to whether Ms. Sawatzky was employed by Sawatzky Construction at the time of the accident.

4

Blagg. Moreover, it is undisputed that Ms. Sawatzky's car did not have anything on it that identified it as being owned by Sawatzky Construction, such as the company's logo. Deposition of Lera Sawatzky at 77. There is, in short, nothing to connect Ms. Sawatzky to the company at the time of the accident other than its ownership of the vehicle she was driving. This is insufficient to impose liability on the company under the doctrine of *respondeat superior*.

The court also finds plaintiff cannot meet his burden of establishing negligent entrustment.

> An actionable, common law claim for negligent entrustment exists when a person who owns *or* has possession and control of an automobile allows another driver to operate the automobile when the person knows or reasonably should know that the other driver is careless, reckless and incompetent, and injury results therefrom.

Green v. Harris, 70 P.3d 866, 868 (Okla. 2003) (emphasis added). The issue of negligent entrustment is normally a question for the jury unless the undisputed facts are susceptible of but one conclusion. Id.

The parties spend much of their briefing discussing whether Sawatzky Construction exercised possession and control over Ms. Sawatzky's vehicle. The court need not resolve that issue, however, as Oklahoma law permits a negligent entrustment claim against the owner of a vehicle and there is no dispute Sawatzky Construction owned Ms. Sawatzky's car. The issue, therefore, is whether the company knew or should have known that she was a "careless, recksless and

5

incompetent" driver. In his response to the motion for summary judgment, however, plaintiff admits Ms. Sawatzky was known to be a competent driver and Sawatzky Construction has no reason to know otherwise. This is fatal to his negligent entrustment claim. Although plaintiff has the burden of proof on this issue, he has not presented even a scintilla of evidence that would support this claim. Sawatzky Construction is therefore entitled to summary judgment in its favor on the negligent entrustment claim.

In sum, Defendant Sawatzky Construction Motion for Summary Judgment (Doc. No. 40) is GRANTED.

It is so ordered this 21st day of April, 2010.

_____
TIM LEONARD
United States District Judge